IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANECITO BETANCOURT IV, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CANYON COUNTY CORONER; )<br>CANYON COUNTY CORONER'S )<br>OFFICE, )<br>)<br>Defendants. )<br>_____ ) | Case No. CV-07-499-S-BLW<br><br>**INITIAL REVIEW ORDER** |

This is Plaintiff's second filing of this action. The Court previously ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal in his first case, which he failed to do, resulting in the dismissal of that case without prejudice. *See CV07-84-S-BLW, Betancourt v. Canyon County Coroner's Office*. The Court now reviews Plaintiff's new Complaint under Title 28 U.S.C. §§ 1915 and 1915A to determine whether he can proceed.

## BACKGROUND

Plaintiff alleges that between the dates of March 27, 2006, and October 21, 2007, Defendants violated his constitutional and state law rights when they intentionally, willfully, and knowingly destroyed, concealed, and disposed of exculpatory evidence in his criminal case. He alleges violations of the Fourteenth Amendment of the United States Constitution, the Idaho Constitution, and various Idaho statutes.

**INITIAL REVIEW ORDER 1**

# APPLICABLE STANDARDS OF LAW
# AND DISCUSSION OF CLAIMS

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

**A.    Municipal Entities**

It is unclear, but it appears that Plaintiff has named the Canyon County Coroner's Office as a defendant in this case. The Court previously advised Plaintiff that the law is clear that a local governmental entity may not be sued except where it is alleged that the execution of a government's policy or custom inflicted the injury of which Plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). There is no respondeat superior liability under § 1983. *Id.* Because Plaintiff has failed to allege a policy- or custom-based claim against the Canyon County Coroner's Office, claims against that Office are dismissed.

**B.    Federal Causes of Action**

**INITIAL REVIEW ORDER  2**

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff may proceed on his due process and equal protection claim under § 1983. However, the Court has previously advised Plaintiff that a claim based on the violation of a state law right -- such as Idaho Code sections -- will not support a § 1983 cause of action. *Huron Valley Hosp. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) (relying on *Baker v. McCollan*, 443 U.S. 137, 146 (1979)).

Plaintiff also makes a claim under 42 U.S.C. § 1985, but fails to provide any additional facts which would show that he meets the elements of the statute. Section 1985 governs conspiracies to interfere with civil rights.[1] However, Plaintiff has not

---

[1] 42 U.S.C. § 1985 provides, in pertinent part, as follows.
(2) . . . if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages

**INITIAL REVIEW ORDER 3**

sufficiently alleged facts to show that any conspiracy existed which would make this section applicable to his claims. Accordingly, he has failed to state a claim upon which relief can be granted under § 1985. This claim shall be dismissed without prejudice.

**C.     State Law Causes of Action**

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims which one would ordinarily expect to be tried in one judicial proceeding. *See Penobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538, 563-64 (1st Cir.1997); *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 190 (1st Cir.1996).

Plaintiff may not bring a claim under Article 5, section 13 of the Idaho Constitution, which discusses the distribution of powers between the legislative and judicial branches of state government. This provision is not applicable to the facts alleged in the Complaint.

Further, Plaintiff may not bring state law causes of action based upon various Idaho Code sections unless those sections were intended by the legislature to be actionable by private citizens. *See Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416 (Idaho

---

occasioned by such injury or deprivation, against any one or more of the conspirators.

**INITIAL REVIEW ORDER  4**

1996). *See also Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("The question of the existence of a statutory cause of action, is, of course, one of statutory construction."). Therefore, Plaintiff may not proceed on the statutory-based claims listed in the Complaint because there is no indication that they were intended to form the basis of a cause of action by private citizens. If Plaintiff brings to the Court's attention Idaho case law showing that any of the statutes listed was intended to support a private cause of action, the Court will reconsider allowing Plaintiff to proceed. To date, Plaintiff has stated no viable state law cause of action.

D.   **In Forma Pauperis Request**

Plaintiff has filed a request to proceed in forma pauperis. He alleges that he is unemployed and supported by his family. He also alleges that he has a minor daughter to support, as well as many medical bills to pay. Good cause appearing, his request shall be granted. Plaintiff shall pay $25 per month to the Clerk of Court for the filing fee until the $350 filing fee is paid in full, beginning with the month of January 2008.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 3) is GRANTED. Plaintiff shall pay $25 per month to the Clerk of Court for the filing fee until the $350 filing fee is paid in full, beginning with the month of January 2008. Failure to pay the monthly payments may result in dismissal of this case without further notice.

IT IS FURTHER HEREBY ORDERED that the **Canyon County Coroner** shall

**INITIAL REVIEW ORDER  5**

be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(b).   Accordingly, the Clerk of Court shall forward a copy of the Complaint (Docket No. 1), and a copy of this Order, and a Waiver of Service of Summons to the following counsel:

> **David L. Young**
> **Canyon County Attorney**
> **1115 Albany St.**
> **Caldwell, ID 83605**.

Should any entity determine that the individuals for whom it was served are not, in fact, its employees or former employees,  or that its attorney will not be appearing for particular former employees, it should notify the Court's Pro Se Unit immediately in writing (Pro Se Unit, U.S. District Court, 550 West Fort Street MSC 042, Boise, ID 83724) or via the CM/ECF system, with a copy to Plaintiff.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

**INITIAL REVIEW ORDER  6**

The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

   IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

   IT IS FURTHER HEREBY ORDERED that Plaintiff shall notify the Court immediately if his address changes.  Failure to do so may be cause for dismissal of this case without further notice.

   IT IS FURTHER HEREBY ORDERED that claims against the Canyon County

**INITIAL REVIEW ORDER  7**

Coroner's Office, state law claims, and § 1985 claims are dismissed without prejudice.



DATED:  **December 18, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court

**INITIAL REVIEW ORDER  8**